UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
----------------------------------------------------------x
RAFAEL ARDEN JONES, SR.,

                Petitioner,

    - against -

SHERMA DUNBAR et al.,

                Respondents.
----------------------------------------------------------x

**TRANSFER ORDER**
21-CV-6036 (PKC)

PAMELA K. CHEN, United States District Judge:

    Petitioner Rafael Arden Jones, Sr. filed this action, *pro se*, pursuant to 28 U.S.C. § 2241, the federal habeas corpus statute. (Petition for Writ of Habeas Corpus ("Pet."), Dkt. 1, at 1.) Petitioner alleges that he was unlawfully arrested by N.Y.P.D. officers in Bronx County, New York; charged with unspecified misdemeanors in Bronx County criminal court; and is being detained in a jail on Rikers Island. (*Id.* at 1–2, 5–6.) He argues that the arrest, charges, and detention are unlawful because he has immunity from state arrests as a candidate for President of the United States. (*Id.* at 4, 6.) Petitioner now requests a change of venue to the Southern District of New York. (Dkt. 5-1.)

    Because Petitioner is a pretrial detainee held on Rikers Island challenging the legality of his arrest and seeking release, 28 U.S.C. § 2241 would be the correct vehicle for his habeas petition. *See Robinson v. Sposato*, No. 11-CV-191 (SJF), 2012 WL 1965631, at *1–2 (E.D.N.Y. May 29, 2012). Furthermore, although a habeas petition may be brought only in the district where the petitioner is confined, *Rumsfeld v. Padilla*, 542 U.S. 426, 444 (2004), Rikers Island is concurrently a part of both the Southern and Eastern Districts of New York, 28 U.S.C. § 112, and

1

thus both the Southern and Eastern Districts have jurisdiction to hear habeas petitions from people incarcerated at Rikers.[1]

Liberally construed, however, Petitioner's habeas petition includes allegations that would be more properly brought under 42 U.S.C. § 1983.  For example, Petitioner appears to allege false arrest and confiscation of his property without due process.[2]  (*See* Pet., Dkt. 1, at 6.)  Furthermore, all of the events underlying the § 1983 allegations occurred in Bronx County, within the Southern

---

[1] 28 U.S.C. § 112 states that Bronx County is in the Southern District of New York, Queens County is in the Eastern District of New York, and the waters within both counties are concurrently within both Districts.  28 U.S.C. § 112(b)-(c).  Rikers Island is in the East River, which separates the Bronx and Queens.  Some courts have held that Rikers is part of Bronx County and thus located exclusively in the Southern District; some have held that Rikers is part of Queens County and thus located exclusively in the Eastern District; while other courts have held that Rikers is concurrently in both the Southern and Eastern Districts.  *See Hamlett v. Widtzler*, No. 11-CV-3106 (CBA) (MDG), 2013 WL 1338859, at *2 n.2 (E.D.N.Y. Mar. 8, 2013) (collecting cases), *report and recommendation adopted*, 2013 WL 1338852 (E.D.N.Y. Mar. 29, 2013).  There are valid arguments on all sides.  For example, the Bronx District Attorney has jurisdiction over Rikers Island.  *See* Jennifer Ferentz, Note, *Officer Use of Force and the Failure of Oversight of New York City Jails*, 47 FORDHAM URB. L.J. 1393, 1419 (2020) (explaining that a bureau of the Bronx District Attorney's office prosecutes criminal offenses committed on Rikers).  But it is part of Queens Community Board 1, *see Community District Profiles, Queens 1*, N.Y.C. DEP'T OF CITY PLAN., https://communityprofiles.planning.nyc.gov/queens/1?section=built-environment#built-environment (last visited Nov. 4, 2021); it uses a zip code associated with Queens; and the only bridge to the island connects with Queens, *see Correction Facilities Locations*, N.Y.C. DEP'T OF CORR., https://www1.nyc.gov/site/doc/about/facilities-locations.page (last visited Nov. 4, 2021).  To complicate matters further, one of the facilities that is part of the Rikers Island jail complex is on a barge, which has a Bronx address.  *See id.* (stating address for Vernon C. Baines Center); *Sulehria v. City of New York*, 670 F. Supp. 2d 288, 299 (S.D.N.Y. 2009) (noting that the Vernon C. Baines Center is part of Rikers Island); Matthew Haag, *A Floating Jail Was Supposed to Be Temporary. That Was 27 Years Ago*, N.Y. TIMES (Oct. 10, 2019), https://www.nytimes.com/2019/10/10/nyregion/a-floating-jail-was-supposed-to-be-temporary-that-was-27-years-ago.html (describing the "hulking, 625-foot long royal blue barge in the East River").  Until the Second Circuit or Supreme Court offers a binding construction of 28 U.S.C. § 112 as it relates to Rikers, and because of the numerous hurdles already faced by pro se litigants attempting to file claims from Rikers Island, this Court sees no reason not to construe 28 U.S.C. § 112 broadly to include Rikers Island in both the Southern and Eastern Districts, allowing litigants to file claims in either.

[2] Petitioner filed a similar action in this Court that was transferred to the Southern District of New York on November 4, 2021.  *See Jones v. Doe*, No. 21-CV-6035 (PKC).

District of New York.  Accordingly, the Southern District of New York would unquestionably be an appropriate venue for Petitioner's potential § 1983 claims, *see* 28 U.S.C. § 1391(b)(2), and likely the most convenient venue for the parties and any witnesses.  Venue for Petitioner's potential § 1983 claims would be proper in this venue only if all Defendants reside in New York and one resides in the Eastern District, *see id.* § 1391(b)(1), and it is unclear at this juncture who the appropriate Defendants will be, let alone their residences.  In order for Petitioner to be able to purse all of his claims without further administrative hurdles, the Court thus finds that this case should be transferred to the Southern District of New York.

Accordingly, in the interest of justice, the Clerk of Court is directed to transfer this action to the United States District Court for the Southern District of New York.  *See* 28 U.S.C. § 1404(a).  The Court notes that Petitioner has not filed an application to proceed *in forma pauperis* pursuant to 28 U.S.C. § 1915 or paid the requisite filing fee.  The Court offers no opinion on the merits of the action.  The provision of Local Rule 83.1 that requires a seven-day stay is hereby waived.  Summonses shall not issue from this Court and the Clerk of Court is directed to mark this case closed.

                                                SO ORDERED.

                                          */s/ Pamela K. Chen*
                                          Pamela K. Chen
                                          United States District Judge

Dated: November 4, 2021
       Brooklyn, New York